UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mohamed A., | Case No. 20-cv-1672 (DSD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DHS-ICE; Chief Counsel; Attorney General; and Sherburne County Sheriff, | |
| Respondents. | |

---

This matter is before the Court on Petitioner Mohamed A.'s ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. 1.)[1] The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed as moot.

### I.     BACKGROUND

Petitioner is a native and citizen of Somalia. (Dkt. 9-1 at 1.)[2] On April 6, 2010, an immigration judge ordered Petitioner removed to Somalia. (Dkt. 9-2.) Petitioner

---

[1]     On the same day he filed his Petition, July 31, 2020, Petitioner also filed a "Motion to/for Custody Redetermination" with a supporting memorandum of law. (Dkts. 3, 4.) In this motion, Petitioner requested that the Court re-determine his custody and requested an order releasing him from custody, ordering a bond hearing, or releasing him on supervision. (Dkt. 3 at 1, 2.) The Court recommends denial of Petitioner's Motion to/for Custody Redetermination for the reasons discussed herein with respect to his Petition.

[2]     Page numbers refer to the CM/ECF system's pagination unless otherwise indicated.

waived his right to appeal the Immigration Judge's decision to the Board of Immigration Appeals. (*Id.*) On July 6, 2010, Immigration and Customs Enforcement ("ICE") determined that there was no significant likelihood of removal in the reasonably foreseeable future and released Petitioner on an Order of Supervision. (Dkt. 9 ¶ 6.) On February 10, 2020, Petitioner "was encountered and arrested by ICE at the Hennepin County Jail in Minneapolis, Minnesota, where he was being held after an arrest for DWI—Driving While Impaired" after ICE determined that Petitioner had violated the terms of his Order of Supervision. (*Id.* ¶¶ 7-8; Dkt. 1 at 5; Dkt. 9-3; Dkt. 9-4.) ICE Removal and International Operations determined that there was a significant likelihood of removal in the reasonably foreseeable future based on recent cooperation with the Government of Somalia and revoked Petitioner's Order of Supervision on February 11, 2020. (Dkt. 9 ¶¶ 8-9; Dkt. 9-4 at 1.) ICE then issued a Warrant of Removal/Deportation on February 12, 2020. (Dkt. 9-5.)

On March 3, 2020, the Government of Somalia issued a travel document, with an expiration date of September 4, 2020, for Petitioner. (Dkt. 9-6.) However, on March 17, 2020, the Government of Somalia implemented travel restrictions due to the COVID-19 pandemic. (Dkt. 9 ¶ 12.)

Petitioner filed his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on July 31, 2020. (Dkt. 1 at 1.) Petitioner stated that it was "still not safe" to deport him to Somalia; that he had been in custody for six months and ICE "ha[d] not been able to deport him" and "[t]he Covid-19 pandemic add[ed] to the issue of not being able to be removed"; that his detention for six months violated his (unspecified)

constitutional rights; and that he was being detained in a criminal facility, specifically "Sherburne County Jail which is a maximum security jail." (*Id.* at 7-8.) In his request for relief, Petitioner requested that the Court "grant an order for bond hearing and or release on supervision." (*Id.* at 8.)

Respondents filed a response to the Petition on September 11, 2020. (Dkt. 8.) Respondents stated that the Government of Somalia had resumed international flights on August 3, 2020; that the Government of Somalia had issued a travel document for Petitioner twice, on March 30, 2020 and September 2, 2020; and that Petitioner was scheduled for removal via an ICE charter flight to Somalia in September 2020. (*Id.* at 2-3; Dkt. 9 ¶¶ 10, 14-16.) On September 25, 2020, Respondents filed a supplemental response to the Petition, stating that Petitioner had been removed from the United States on September 18, 2020 and arguing that the Petition was now moot and should be dismissed. (Dkt. 11 at 1; Dkt. 12 ¶ 4; Dkt. 12-1 at 1.)

## II.   DISCUSSION

Respondents argue that the Petition should be dismissed as moot because Petitioner was removed from the United States on September 18, 2020. (Dkt. 11 at 1.) "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.*

3

(quoting *Haden*, 212 F.3d at 469).  When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory."  *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo. ("In re Search Warrants")*, 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

In this case, the case became moot when Petitioner was removed from the United States because the Court "can no longer grant effective relief" since he is no longer in custody.  *See Ali*, 419 F.3d at 723.  Accordingly, the Court should not address the merits of his case because any such opinion would be merely advisory.  *See In re Search Warrants*, 487 F.3d at 1192.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here.  The collateral-injuries exception does not apply when such injuries are a result of the final order of removal, not the prolonged detention itself.  *Ahmed*, 2017 WL 3267738, at *2.  Here, any continuing injury would follow from Petitioner's removal to Somalia, which Petitioner is unable to

4

challenge under this Court's jurisdiction. *See id.* There is no concrete and continuing injury sufficient to keep this case alive. *See id.* As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193. Here, there is nothing remaining to litigate in this case, and there is no indication that Petitioner will be held in ICE custody again. *See Ahmed*, 2017 WL 3267738, at *3. Further detention is unlikely because Petitioner is no longer in the United States. Nevertheless, even assuming Petitioner returned to the United States and were brought back into custody, it would be under a new set of circumstances and facts and, consequently, "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged." *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (emphasis in original). Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See Ahmed*, 2017 WL 3267738, at *3. Accordingly, the Court recommends dismissal of the Petition as moot.

### III.   RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Mohamed A.'s Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED AS MOOT**;

2. Petitioner Mohamed A.'s Motion to/for Custody Redetermination (Dkt. 3) be **DENIED AS MOOT**; and

3. This case be **DISMISSED WITHOUT PREJUDICE**.


DATED: January 19, 2021           *s/Elizabeth Cowan Wright*
                                  ELIZABETH COWAN WRIGHT
                                  United States Magistrate Judge


### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).